WCH:plt

NIGHT BOX
FILED

SEP 25 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20705-CR-GRAHAM/GARBER

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MARK OBERMAIER,

       Defendant.
_____/

## PLAINTIFF UNITED STATES' MOTION FOR PROTECTIVE ORDER

The United States, pursuant to 18 U.S.C. §§ 983(a)(1)(A)(iii)(II) or 983(a)(3)(C) and Title 21 U.S.C. § 853(e)(1)(A), hereby moves for the entry of a protective order which attaches the jurisdiction of the Court in this criminal action to certain property named for forfeiture in the Indictment (DE #1) in this matter. The property to which this motion refers (hereinafter referred to specifically or as "the properties") is as follows:

    a.    Maxtor 20 gigabyte hard drive serial number B1EYA22E; and
    b.    Web camera.

The property has been named in the Indictment [DE #1] in this matter as subject to forfeiture in this criminal action. The United States currently has custody of the property. The property is subject to pending administrative forfeiture notice and claim proceedings under 18 U.S.C. § 983.

The United States seeks to maintain custody of the property and to have jurisdiction over the forfeiture of the same attach in this criminal action in conformity with the applicable provisions of the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a).

The United States is entitled to the protective order pursuant to 21 U.S.C. §853(e)(1)(A), based on the fact that the property is named for forfeiture in the Indictment which contains an allegation that, upon conviction, the property is subject to forfeiture and the requested order is necessary to bring the property under the exclusive jurisdiction of this Court for adjudication of forfeiture.

The Court is further respectfully referred to the Memorandum and proposed Order submitted in support of this motion. As this is a motion seeking to add property for forfeiture in a criminal case and since it seeks injunctive relief in the form of a statutory protective order, the Local Rule 3.01(g) pre-filing conference requirement is not applicable.

In consideration of the foregoing, the United States requests that its motion be granted and that a protective order in the form attached be entered.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *[signature]*
WILLIAM C. HEALY
Assistant U.S. Attorney
Fl. Bar No. 08408693
99 N.E. 4th Street, Suite 700
Miami, Florida 33132-2111
Tel: (305) 961-9438
Fax: (305) 536-7599
William.Healy@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of September, 2002, a true and correct copy of the foregoing was mailed to: Jeffrey C. Zucker, Esq., Attorney for Mark Obermaier, Sufrin Zucker Steinberg Waller, & Wixted, Parkade Building, 519 Federal Street, Suite 503, Camden, NJ 08103-1147.

WILLIAM C. HEALY
Assistant U.S. Attorney

cc: AUSA David Gardey